**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CMI ROADBUILDING, INC. and CMI
ROADBUILDING, LTD.,

        Petitioner,

v.

DRITTO TECHNOLOGIES, INC.,

        Respondent.

Civil Action No. 20-02911 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on a motion by CMI Roadbuilding, Inc. and CMI Roadbuilding, Ltd. ("CMI") to enforce subpoenas against Respondent Dritto Technologies, Inc. ("Dritto") under Federal Rule of Civil Procedure 45. (Pet'r's Mot., ECF No. 1.) Petitioner issued the subpoenas in conjunction with a pending case in the United States District Court for the Western District of Oklahoma. (Subpoenas, ECF Nos. 1-3, 1-5.) The Motion asks the Court to both order Respondent Dritto to produce documents identified in the subpoenas *duces tecum* and to issue an order to show cause why Dritto should not be held in contempt. For the reasons set forth below, Petitioner's Motion is denied.

**I.    BACKGROUND**

    CMI initiated an action against SpecSys, Inc. ("SpecSys") in the United States District Court for the Western District of Oklahoma. *See* Complaint, *CMI Roadbuilding, Inc. v. SpecSys, Inc.*, Case No. 18-1245-G (W.D. Okla. Dec. 20, 2018), ECF No. 1. The action alleges various state law breaches of contract, negligent misrepresentation, constructive fraud, misappropriation

of trade secrets, and conversion, among other claims. *Id.* at ¶¶ 44-113. CMI asserts that the Western District of Oklahoma has subject matter jurisdiction on the basis of diversity of citizenship. *Id.* at ¶¶ 4-5.

CMI avers that discovery in the Western District action demonstrates that SpecSys subcontracted with Dritto to provide certain services to CMI. (Pet'r's Mot. ¶ 3.) Dritto is a non-party to the Western District action. On December 10, 2019, CMI issued a subpoena *duces tecum* to Dritto from the Western District of Oklahoma. (Subpoena, ECF No. 1-3.) The subpoena was addressed to Dritto at a New Jersey address. (*Id.*) It requested that Dritto produce documents relating to the services it provided to SpecSys, the extent of those services, the amounts paid for those services, and documents related to the protection of certain CMI trade secrets allegedly subject to a non-disclosure agreement between CMI and SpecSys. (Pet'r's Mot. ¶ 4.) According to Petitioner CMI, Dritto was required to respond or object to the December 2019 subpoena by January 20, 2020 but failed to do so. (*Id.*) Petitioner CMI issued a second subpoena *duces tecum* to Dritto from the Western District of Oklahoma on February 12, 2020. (*Id.* at ¶ 5.) The second subpoena amended the location where the responsive documents were to be produced. (Notice of Am. Subpoena, ECF No. 1-5.) According to CMI, Dritto was required to respond or object to the February 2020 subpoena by March 5, 2020 but again failed to do so. (Pet'r's Mot. ¶ 5.)

In support of its motion to enforce the subpoenas, CMI submits a declaration from J.R. "Randy" Baker. Mr. Baker represents to the Court that he is co-counsel for CMI in the Western District action. (Baker Decl. ¶ 1, ECF No. 1-1.) According to Mr. Baker, he "prepared and caused to be served, by Federal Express" the December 2019 and February 2020 subpoenas to Respondent Dritto. (*Id.* at ¶ 4.) Mr. Baker directs the Court to two Federal Express shipping receipts attached to CMI's Motion. One receipt shows a December 10, 2019 ship date from Randy Baker, Hilten & Brewer PC, sent to Senthi Kumaran Thangavelu, Dritto Technologies, Inc., 109 Ely Cres, Trenton,

2

New Jersey. (December 2019 Federal Express Receipt, ECF No. 1-4.) The receipt shows the shipment as "delivered, Wednesday, December 11, 2019 at 12:53pm" to a residence with "signature not required." (*Id.*) The second receipt shows a February 12, 2020 ship date from Denise Block, Hilten & Brewer PC, sent to Senthil Kumaran Thangavelu, Dritto Technologies, Inc., 109 Ely Cres, Trenton, New Jersey. (February 2020 Federal Express Receipt, ECF No. 1-6.) That receipt shows the shipment as "delivered, Thursday, February 13, 2020, at 9:55 am" to a residence with "signature not required." (*Id.*)

The Baker Declaration asserts that "the delivery receipts returned . . . by Federal Express evidenc[e] delivery of the Subpoenas to Senthil Kumaran Thangavelu, Chief Executive Officer for Dritto." (Baker Decl. ¶ 5.) But neither the Declaration nor the Motion provides the Court with documentation explaining why CMI believes that either Dritto or an agent authorized to accept service on its behalf can be found at 109 Ely Cres in Trenton, New Jersey. Nor does CMI provide the Court with any information on exactly who, if anyone, accepted, signed for, or received the Federal Express shipments.

## II.     LEGAL STANDARD

A subpoena is a valid order of the court. *Waste Conversion, Inc. v. Rollins Env't Servs.*, 893 F.2d 605, 608-09 (3d Cir. 1990). "An attorney, as an officer of the court, may issue a subpoena on behalf of the court in which the attorney is authorized to practice." *N.J. Bldg. Labs. Statewide Benefit Funds & Tr. v. Torchio Bros.*, No. 08-552, 2009 WL 368364, at *1 (D.N.J. Feb. 11, 2009) (citing Fed. R. Civ. P. 45(a)(3)). Although the subpoena "must issue from the court where the action is pending," Fed. R. Civ. P. 45(a)(2), "[u]nder the 2013 amendments to Federal Rule of Civil Procedure 45, the district court with jurisdiction to enforce and to quash subpoenas is the 'court for the district where compliance is required,' which may or may not be the court that issued the subpoena." *Hunter v. ADP Screening*, No. 15-cv-845, 2016 WL 7732538, at *1 (M.D. Fla.

3

May 3, 2016) (quoting Fed. R. Civ. P. 45(d)(2)(B)(i) ("[A]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.")).

## III. DISCUSSION

The Court's ability to force compliance with a subpoena is limited by Rule 45(b)(1). According to that rule, "serving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). "[C]ourts within the Third Circuit have interpreted the word 'delivering' in Fed. R. Civ. P. 45(b)(1) literally, requiring that an individual is served personally." *Farley-Skinner v. Adventure Aquarium, LLC*, 17-cv-04797, 2018 WL 3647209, at *2 (D.N.J. Aug. 1, 2018) (declining to enforce a subpoena because a party's service of a subpoena by certified mail did not comport with the personal service requirement of Fed. R. Civ. P. 45(b)(1)). Occasionally, the District of New Jersey has issued orders enforcing subpoenas that were served by mail instead of being personally served. *See, e.g, Jorden v. Glass*, 09-1715, 2010 WL 3023347, at *1 n.1 (D.N.J. July 23, 2010) ("[T]he court deems Dr. Krachman to be properly served because either he or someone authorized on his behalf signed an acknowledgment of receipt of plaintiff's subpoena. Further, the exchange of e-mail correspondence between Dr. Krachman and the office of plaintiff's attorney evidences that Dr. Krachman received plaintiff's subpoena."); *but see Farley-Skinner*, 2018 WL 3647209, at *2 (holding that the subpoenaed party's "knowledge of the subpoena does not validate Defendant's improper service."). The holding in *Jorden* has been described as an "emerging minority position" in the federal courts. Wright & Miller, 9A Fed. Prac. & P. Civ. § 2454 (3d ed. 2020).

The weight of authority in this District suggests that service of a subpoena by mail and, by extension, Federal Express, does not comport with the personal service requirement of Rule 45(b)(1). While there is some authority within the District for enforcing subpoenas served by mail

4

where there is documentary evidence that the subpoenas were acknowledged by the subpoena respondent, neither CMI's motion nor Mr. Baker's declaration present any such evidence to the Court. Rather, the Federal Express receipts simply demonstrate that the subpoenas were delivered to a residence in New Jersey. Indeed, CMI has failed to provide the Court with any reason to believe that either CMI or its CEO, Senthil Kumaran Thangavelu, are able to accept service of a subpoena at the 109 Ely Cres, Trenton, New Jersey residence. Because CMI has failed to demonstrate that Dritto was properly served under Rule 45(b)(1), or that Dritto even knew of the subpoenas during the relevant time periods, Petitioner's motion is denied.[1]

## IV. CONCLUSION

Petitioner CMI's motion is denied without prejudice. Petitioner may refile its motion with appropriate evidence that Respondent Dritto was properly served with its subpoenas.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] *Cf. CMI Roadbuilding, Inc. v. Bohr Precision Machining, Inc.*, No. 20-13, 2020 WL 3964388, at *2 (E.D. Wisc. July 13, 2020) (holding after a similar motion filed by CMI that "without evidence that the February subpoena was properly served on a registered agent, clerk or someone in charge of the respondent, the court cannot grant the motion.").